————o————

No. 6162.

## SUCCESSION OF HERBERT FLETCHER.

### Syllabus.

A purchaser of property at succession sale under an order granted without a list of debts may decline to accept the title until proof of debts sufficient to justify the order of

— 337 —

sale is made. In the absence of such proof the purchaser is entitled to a judgment ordering the return to him of his deposit.

Appeal from the Civil District Court, for the Parish of Orleans, Division "C," No. 102,809. Hon. E. K. Skinner, Judge.

Loys Charbonnet, Legier & Gleason, for appellant.

Rice & Montgomery, attorneys.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit by an adjudicatee for the return of her deposit, on the ground that the proceedings leading up to the sale were not legal.

Herbert Fletcher died on August 24, 1908, leaving minor heirs. On December 12, 1912, John P. Vollmers, representing himself as the husband of Selma Fatz, Widow of said Herbert Fletcher, and as a creditor of Herbert Fletcher, filed a petition in which he alleged that Herbert Fletcher had left property and debts, that an administration was necessary, and he prayed to be appointed administrator. After the legal notices, he was appointed administrator on July 18, 1913.

The inventory of his succession disclosed the following assets:

| | |
|---|---:|
| Contents of a bar room............. ....... .... | $60.00 |
| Contents of a grocery ...................... | 180.00 |
| Household furniture ...................... .... | 115.00 |
| | $355.00 |
| One lot with improvements ................ .... | 1200.00 |
| | $1,555.00 |

On the same day, July 18, 1913, Vollmers, as administrator, filed a petition in which he alleged "that in order to realize sufficient funds to pay the debts of the deceased and charges of the succession, it becomes necessary to sell the furniture, movable effects, and also the real estate left by the deceased and enumerated in the inventory, etc," and he prayed for the sale of all said property.

This petition was sworn to and an order of sale was given.

On August 26, 1913, the property was adjudicated to Ernestine Weaver. On December 16, 1913, she took a rule for the return of her deposit on the ground, among others, that no list of debts was attached to the petition praying for the order of sale, and that more than five years having elapsed between the death of the deceased and the day of sale, all debts were presumably prescribed, and that there was therefore a cloud upon the title tendered her.

In answer to this rule (the administrator avers that it was through an error that no list of debts accompanied the petition for the sale of property, and he annexed a list to his answer; he further avers that the order of sale is a protection to the purchaser and that she has no right to question the validity of it. This answer is sworn to.

The list of debts consists of twelve items in favor of furnishers of supplies to bar and groceries, for lump sums, with no dates, or details amounting to $645.37. No testimony appears to have been taken on the trial of the rule to substantiate the claim or explain them, or give them a date, in the face of the allegation of prescription in the rule. The claims contained in the list of debts seem prescribed. At any rate there was no evidence to support their correctness.

While the order of Court decreeing the sale would be a protection to the purchaser, he has a **locus poenitentiae** by which he may decline to accept the title in anticipation of future litigation on account of irregularities in the proceedings leading up to the sale.

9 A., 560; 40 A., 571.

Rule 27 of the District Court requires a sworn statement of debts to be annexed to an application of sale; although this formality may not be essential, a purchaser at such sale has a right to require proof of debts sufficient to justify the order and sale. In the absence of such proof the sale cannot be maintained.

There was judgment for plaintiff in rule, ordering the return of the deposit, and it is affirmed.

Judgment affirmed.

Opinion and decree, June 26th, 1914.